[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION TO STRIKE (# 106)
This action arises out of a slip and fall accident. According to the complaint, on February 5, 1998, the plaintiffs, Joyce and John Edmond were staying at the Promus Hotel Corporation d/b/a Homewood Suites Hotel (hotel), when Joyce Edmond slipped and fell in the parking lot as she attempted to board the hotel/airport shuttle bus.
On October 20, 1999, the plaintiffs filed a two count complaint against the defendant, alleging claims of negligence and loss of consortium. On August 21, 2000, the plaintiffs filed an amended complaint and added a third count, alleging a violation of the Connecticut Unfair Trade Practices Act (CUTPA). The defendant now moves to strike the CUTPA claim, on the ground that it is legally insufficient as a matter of law.
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedCT Page 1038Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 240 Conn. 588. In deciding a motion to strike, "[t]he role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997).
In support of its motion to strike, the defendant argues that the CUTPA claim is legally insufficient for the following reasons: (1) the plaintiffs have not alleged that the defendant's act constitutes an "unfair method of competition" or "unfair or deceptive act of practice and does not violate an identifiable public policy;" (2)the plaintiffs' allegations of negligence do not rise to the level of immoral, unethical, oppressive or unscrupulous conduct, that would convert a negligence action to a CUTPA action; and (3)the plaintiffs' allegations do not satisfy the third element of the "cigarette rule", that the practice caused a substantial injury to consumers.
The plaintiffs argue that the CUTPA claim is legally sufficient because (1) a violation of public policy is not required; (2) the plaintiffs allege a claim for negligent misrepresentation and deception, which can be the basis of a CUTPA claim; (3)the plaintiffs allege that the defendant withheld material information which raises the defendant's acts to that of an unfair practice; and (4) the plaintiffs allege an unjustified consumer injury, thus satisfying the "cigarette rule", although all three prongs of the "cigarette rule" need not be alleged.
"It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the cigarette rule by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers. . . .All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it CT Page 1039 meets all three." (Internal quotation marks omitted.) Willow SpringsCondominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 1,43, 717 A.2d 77 (1998).
"[A] violation of CUTPA may be established by showing either an actual deceptive practice . . . or a practice amounting to a violation of public policy. . . .Furthermore, a party need not prove an intent to deceive to prevail under CUTPA." (Internal quotation marks omitted.) Id. "Whether a practice is unfair and thus violates CUTPA is an issue of fact. . . .The facts found must be viewed within the context of the totality of circumstances which are uniquely available to the trial court." (Internal quotation marks omitted.) Thames River Recycling, Inc. v. Gallo,50 Conn. App. 767, 794, 720 A.2d 242 (1998).
In their CUTPA claim, the plaintiffs reallege the facts that comprise their count for negligence.[1] The plaintiffs further allege that the defendant engaged in unfair and/or deceptive acts and/or practices in failing to advise the plaintiff that it would not remedy the icy and dangerous condition in the parking lot; (Complaint, Count three, ¶ 8 (a)(b)(e)(f)(g)(i)(j)(n)(o)(p)(q)); that it would not respond to the plaintiffs' request for help regarding the icy condition; (Complaint, Count three, ¶ 8(c)(d)(k)(m)); and did not warn the plaintiffs of the dangerous condition despite their knowledge of the condition. (Complaint, Count three, ¶ 8(h)(1)). The plaintiffs also allege that the "aforementioned conduct caused personal injury to the plaintiff contrary to public policy." (Complaint, Count three, ¶ 9 (r)).
"[T]o find a violation of CUTPA grounded in negligence, the plaintiff must prove that the act violated public policy and caused substantial unjustified injury to consumers, competitors, or other business people." (Internal quotation marks omitted.)Id. The Supreme Court set forth a three part test for satisfying the substantial injury criterion: "[1] [the injury] must be substantial; [2] it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and [3] it must be an injury that consumers themselves could not reasonably have avoided." (Internal quotation marks omitted.) HartfordElectric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368, 736 A.2d 824
(1999).
Although, the plaintiffs argue that their CUTPA claim is based upon a claim of deception, the court finds, however, that their allegations do not exceed a claim of simple negligence. For instance, there are allegations that the defendant failed to advise the plaintiffs about the icy condition, failed to make the parking lot safe and failed to help the plaintiffs cross the parking lot. The plaintiffs do not specify, however, CT Page 1040 how such actions amount to a violation of public policy. Further the plaintiffs do not allege how the defendant's actions caused a substantial injury to consumers. Additionally, the plaintiffs' allegations are devoid of facts to elevate the defendant's conduct from simple negligence to the type of immoral, unethical, oppressive or unscrupulous trade practices that CUTPA was designed to prevent.
Merely stating that the defendant's conduct violates public policy or is unfair and/or deceptive is not sufficient to sustain a CUTPA claim. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25
(1992). The plaintiffs are required to allege facts that demonstrate that the defendant's actions offended public policy, were deceptive or caused substantial injury to consumers in order to survive a motion to strike. See Gladue v. Cummins, Superior Court, judicial district of New London at New London, Docket No. 547927 (September 27, 1999, Hurley, J.) (court granted motion to strike a CUTPA claim based on negligence, breach of contract and failure to disclose because the complaint did not allege how the defendant's conduct was immoral, unethical, oppressive or unscrupulous); Spakowski v. Charter Oak Walk-in Medical Center, Superior Court, judicial district of New London at New London, Docket No. 528137 (June 2, 1994, Hurley, J.) (9 C.S.C.R. 683, 684) (court granted motion to strike and held that a mere negligent act does not support a CUTPA claim). As presently plead, the plaintiffs have not alleged facts that support the conclusion that the defendant's actions offended public policy, were deceptive or caused substantial injury to consumers. Thus, the plaintiffs' CUTPA claim has not been plead with legal sufficiency.
Accordingly, the motion to strike the third count is granted.
D. Michael Hurley Judge Trial Referee